UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE ELLIS WALLACE,<br><br>Plaintiff,<br><br>v.<br><br>C. E. DUCART, et al.,<br><br>Defendants. | Case No. 16-cv-03798-JSC<br><br>**ORDER OF PARTIAL DISMISSAL AND OF SERVICE; GRANTING MOTION FOR SCREENING AND DENYING DEFENDANT DUCART'S MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 18, 24 |

**INTRODUCTION**

Plaintiff, a California prisoner, filed this pro se civil rights complaint under 42 U.S.C. § 1983 against officials at Pelican Bay State Prison.[1] The Court reviewed the complaint pursuant to 28 U.S.C. § 1915A(a), found that it stated a cognizable claim under the First Amendment against Defendant Warden C.E. Ducart, and ordered the United States Marshal to serve the summons and complaint upon him. (ECF No. 10.) In the same order, the Court granted Plaintiff leave to file an amended complaint once he learned the name of the "Doe" defendants. On January 17, 2017, Ducart filed a motion to dismiss the complaint for failure to state a cognizable claim for relief against him. On March 22, 2017, Plaintiff filed an opposition to the motion and a First Amended Complaint naming F. Richards, S. Ramirez, L. Gutierrez, J. Preston, D. Bradbury, and M. Voong, all of whom are prison officials, as defendants. (ECF Nos. 21, 22.) The next day, Ducart filed a motion requesting screening of the First Amended Complaint under 28 U.S.C. § 1915A(a). (ECF

---

[1] Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF No. 1 at 4.)

No. 23.)

As the original complaint is superseded by the First Amended Complaint, Ducart's motion to dismiss the original complaint is DENIED as moot.[2] Ducart's motion for screening of the First Amended Complaint is GRANTED. For the reasons discussed below, service of the summons and the First Amended Complaint is ordered upon Defendants Richards, Ramirez and Gutierrez and dispositive motions are scheduled. The claims against Defendants Preston, Bradbury and Voong are DISMISSED.

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a

---

[2] This ruling does not preclude Ducart from raising the arguments for dismissal in a new motion to dismiss to whatever extent he believes they apply to the First Amended Complaint.

2

right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that Defendant F. Richards fired him from his prison job in the kitchen, Defendant S. Ramirez confiscated his television and moved him to a different part of the prison, and Defendant L. Gutierrez threatened to harm him, all because of Plaintiff's Muslim faith. Plaintiff also alleges that Defendant Ducart was put on notice of this misconduct but failed to correct it. Such allegations, when liberally construed, state a cognizable claim against these Defendants for violating his First Amendment right to freely exercise his religious beliefs and for the violation of his rights under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1.

Plaintiff alleges that Defendants Preston, Bradbury and Voong did not properly process, investigate, or grant his administrative appeals of these issues. These allegations, even if true, do not amount to the violation of the United States Constitution or other federal law because there is no federal constitutional right to a prison administrative appeal or grievance system. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). Accordingly, Plaintiff does not state a cognizable claim for relief under Section 1983 against Defendants Preston, Bradbury and Voong.

**CONCLUSION**

1. Defendant Ducart's motion to dismiss is DENIED, and his motion to screen the First Amended Complaint is GRANTED.

2. The claims against Defendants Preston, Bradbury, and Voong are DISMISSED.

3. The Clerk shall issue a summons and Magistrate Judge jurisdiction consent form and the United States Marshal shall serve, without prepayment of fees, the summons, Magistrate Judge jurisdiction consent form, a copy of the First Amended Complaint with attachments, and a copy of this order on **Correctional Officer F. Richards, Correctional Officer S. Ramirez, and Correctional Officer L. Gutierrez** at **Pelican Bay State Prison**.

The Clerk shall also mail a courtesy copy of the Magistrate Judge jurisdiction consent form

3

to the California Attorney General's Office.

4. Defendants Richards, Ramirez and Gutierrez shall complete and file the Magistrate Judge jurisdiction consent form within the deadline provided on the form. He shall also file an answer in accordance with the Federal Rules of Civil Procedure.

5. To expedite the resolution of this case:

   a. No later than **91** days from the date this order is issued, Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

   b. At the time the dispositive motion is served, Defendants shall also serve, on a separate paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).

   c. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendants no later than **28 days** from the date the motion is filed. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).

   d. Defendants shall file a reply brief no later than **14** days after the opposition is filed.

   e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

**IT IS SO ORDERED.**

Dated: May 15, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

4

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE ELLIS WALLACE,<br><br>    Plaintiff,<br><br>    v.<br><br>C. E. DUCART, et al.,<br><br>    Defendants. | Case No. 16-cv-03798-JSC<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 15, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

George Ellis Wallace ID: Prisoner Id AF8343
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95532

Dated: May 15, 2017

                                          Susan Y. Soong
                                          Clerk, United States District Court

                                          By: _____
                                          Ada Means, Deputy Clerk to the
                                          Honorable JACQUELINE SCOTT CORLEY