UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE ELLIS WALLACE, Plaintiff, v. C. E. DUCART, et al., Defendants. | Case No. 16-cv-03798-SI **ORDER** Re: Dkt. Nos. 35, 37 |

A. <u>Opportunity to Object to Magistrate Judge's Rulings</u>

This action originally was assigned to Magistrate Judge Jacqueline Scott Corley, and plaintiff and some defendants consented to proceed before a magistrate judge. Other defendants were dismissed from the action; those unserved defendants did not consent to proceed before a magistrate judge.

This action recently was reassigned to the undersigned because a new Ninth Circuit case determined that all named parties, including unserved defendants, must consent before a magistrate judge has jurisdiction under 28 U.S.C. § 636(c)(1) to hear and decide a case. *See Williams v. King*, 875 F.3d 500, 503 (9th Cir. 2017) (magistrate judge lacked jurisdiction to dismiss case on initial review because unserved defendants had not consented to proceed before magistrate judge). Under the *Williams* rule, magistrate judges are unable to take dispositive action on a consent basis if they do not have the consent of unserved defendants. Magistrate judges can, however, submit proposed findings of fact and recommendations for the disposition of many pretrial matters. *See* 28 U.S.C. § 636(b)(1)(A), (B). In a case in which full consent has not been obtained, and when a magistrate judge submits proposed findings of fact and recommendations for

1  the disposition of a pretrial matter, the parties may serve and file written objections to the
2  proposed findings and recommendations. *Id.* at § 636(b)(1); *see also* Fed. R. Civ. P. 72. Usually
3  such objections are due within fourteen days of the magistrate judge's proposed findings and
4  recommendations. *See* Fed. R. Civ. P. 72(2), (b).

　　Here, Magistrate Judge Corley issued two orders (Docket Nos. 9 and 10) that resulted in the dismissal of some defendants. The remaining parties then went forward with the case, and a motion for summary judgment is now pending. Magistrate Judge Corley also issued an order granting pauper status (Docket No. 9) and an order extending deadlines (Docket No. 32). All of Magistrate Judge Corley's orders were issued before *Williams* was decided.

　　Under the circumstances, the preferable approach is to treat Magistrate Judge Corley's rulings as findings and recommendations and to give the parties an opportunity to file any objections they have to those findings and recommendations. Accordingly, no later than **fourteen days** from the date of this order, any party may serve and file specific written objections to Magistrate Judge Corley's rulings in the following documents: the October 31, 2016 order granting leave to proceed *in forma pauperis* (Docket No. 9); the October 31, 2016 order of service (Docket No. 10); the May 15, 2017 order of partial dismissal and of service; granting motion for screening and denying defendant Ducart's motion to dismiss (Docket No. 25); and the August 25, 2017 order granting defendants' motion to change time to file dispositive motion (Docket No. 32). *See generally* Fed. R. Civ. P. 72(a) and (b). A party's objections must be included in a single document no longer than 20 pages in length. A party may respond to another party's objections by filing and serving a response within **fourteen days** after being served with a copy of those objections. A party's response to another party's objections must be included in a single document not longer than 20 pages in length.

　　Once the court receives any objections and responses thereto, the court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

B. <u>Miscellaneous Matters</u>

Defendants have requested an extension of the deadline to file a reply in support of their motion for summary judgment. Upon due consideration of the request and the accompanying declaration of attorney Neculai Grecea, the request is GRANTED. Docket No. 35. The reply brief filed on October 10, 2017 is deemed to have been timely filed. The court will address the motion for summary judgment after the court has considered any objections to the magistrate judge's decisions.

Plaintiff filed a motion to dismiss defendants' motion for summary judgment for failure to file a timely reply. Plaintiff's motion is DENIED because the court has deemed the reply brief to have been timely filed. Docket No. 37.

Plaintiff filed a request for appointment of counsel to represent him in this action. *See* Docket No. 37 at 3. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). Here, exceptional circumstances requiring the appointment of counsel are not evident at this time. The request for appointment of counsel is DENIED. Docket No. 37 at 3.

**IT IS SO ORDERED**.

Dated: January 17, 2018

_____
SUSAN ILLSTON
United States District Judge