UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GEORGE ELLIS WALLACE,
    Plaintiff,

v.

C. E. DUCART, et al.,
    Defendants.

Case No. 16-cv-03798-SI

**ORDER**

A.     <u>Adoption Of Magistrate Judge's Rulings, With One Modification</u>

This action was originally assigned to a magistrate judge who determined that, liberally construed, the *pro se* amended complaint stated cognizable claims for violations of Wallace's First Amendment right to the free exercise of his religious beliefs and his rights under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1 (RLUIPA). Other claims and defendants were dismissed. *See* Docket No. 25.

Although plaintiff and some defendants consented to proceed before a magistrate judge, other defendants were dismissed from the action; the unserved defendants did not consent to proceed before a magistrate judge. This action was reassigned to the undersigned after the Ninth Circuit issued *Williams v. King*, 875 F.3d 500, 503 (9th Cir. 2017), which held that all named parties, including unserved defendants, must consent before a magistrate judge has jurisdiction under 28 U.S.C. § 636(c)(1) to hear and decide a case. The court then issued an order explaining to the parties why the action had been reassigned from a magistrate judge to a district judge, describing the limits on a magistrate judge's authority when there was not full consent, and giving the parties an opportunity to object to any of the magistrate judge's rulings. *See* Docket No. 42 at 1-2. The court further informed the parties that, once it received any objections and responses

thereto, it would "'determine de novo any part of the magistrate judge's disposition that has been properly objected to.'" *Id.* at 2 (quoting Fed. R. Civ. P. 72(b)(3)).

No party objected to any of the magistrate judge's rulings, and the deadline by which to do so has passed.

Notwithstanding the absence of any objection to the magistrate judge's rulings, the court now notes the existence of an additional claim in the first amended complaint that was not mentioned in the earlier orders. Specifically, plaintiff's allegations that the defendants discriminated against him based on his religion, liberally construed, state a cognizable claim for a violation of his right to equal protection. *See, e.g.,* Docket No. 21 at 10 (alleging that plaintiff was fired "from [his] job unjust[ly] because of [his] religious belief," and suffered other wrongs because of his religious beliefs). In the prison or jail context, the Equal Protection Clause requires that an inmate who is an adherent of a minority religion be afforded a "reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts," *Cruz v. Beto*, 405 U.S. 319, 322 (1972) (Buddhist inmates must be given opportunity to pursue faith comparable to that given Christian inmates).

Accordingly, IT IS ORDERED THAT:

1. The findings and recommendations in the October 31, 2016 order granting leave to proceed *in forma pauperis* (Docket No. 9); the October 31, 2016 order of service (Docket No. 10); and the August 25, 2017 order granting defendants' motion to change time to file dispositive motion (Docket No. 32) are adopted in full.

2. The findings and recommendations in the May 15, 2017 order of partial dismissal and of service; granting motion for screening and denying defendant Ducart's motion to dismiss (Docket No. 25) are adopted in full with the following modification: In addition to claims for violations of plaintiff's First Amendment right to the free exercise of his religion and for a violation of plaintiff's rights under RLUIPA, the first amended complaint also states a cognizable claim against defendants Richards, Ducart, Ramirez, and Gutierrez for a violation of plaintiff's right to equal protection.

B. <u>Briefing Schedule To Address The Equal Protection Claim</u>

Defendants have filed a motion for summary judgment, which plaintiff has opposed. The parties addressed the First Amendment religious freedom and RLUIPA claims, but did not address the newly-identified equal protection claim. It is inefficient for the parties to have to start over, and file a completely new motion for summary judgment, opposition, and reply. Instead, it is preferable to use the existing briefing and to give them an opportunity to file a supplement to the motion, opposition and reply to address the equal protection claim. The parties may submit argument and evidence in their supplements concerning the equal protection claim that the court now has identified.

The court now sets the following briefing schedule: Defendants must file and serve a supplement to their motion for summary judgment to address the equal protection claim no later than **May 4, 2018**. Plaintiff must file and serve on defense counsel any supplement to his opposition to the motion for summary judgment no later than **June 1, 2018**. Defendants must file and serve any supplement to their reply brief no later than **June 15, 2018.**

Plaintiff is reminded to read "Defendants' *Rand* Warning To Plaintiff Regarding Opposing Summary Judgment" that was served with defendants' original motion for summary judgment, and to read the notice regarding summary judgment that was included with the order of partial dismissal and of service (Docket No. 25). These warnings/notices have important information about opposing motions for summary judgment.

**IT IS SO ORDERED**.

Dated: April 19, 2018

_____
SUSAN ILLSTON
United States District Judge